# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **SHERRI ELLIS and SCOTT PETERS,** | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) |
| **DR. JOHN CHAMBERS and CYNTHIA CHAMBERS,** | ) ) ) **Case No. 2:19-cv-01776-CLM** |
| Defendants, | ) ) |
| vs. | ) ) |
| **BHM PARTNERS, LLC d/b/a KELLER WILLIAMS HOMEWOOD and KIM MANGHAM BARELARE,** | ) ) ) )) ) |
| Third-Party Defendants. | ) |

## ANSWER TO FIRST AMENDED THIRD-PARTY COMPLAINT

Third-Party Defendant BHM Partners, LLC, d/b/a Keller Williams Homewood (BHM), without waiving any procedural or substantive deficiencies in the First Amended Third-Party Complaint (the Third-Party Complaint), submits this Answer and Affirmative Defenses.

## PARTIES AND JURISDICTION

1. BHM is without sufficient information to admit or deny the allegations of paragraph 1, and therefore denies same.

2-4. BHM admits the allegations of paragraphs 2-4.

5. Paragraph 5 calls for legal conclusions and thus no response is required. To the extent a response may be deemed required, denied.

## FACTUAL ALLEGATIONS

6. BHM admits that Plaintiffs filed a Complaint, which speaks for itself, and admits that the Chambers deny liability. BHM denies the remaining allegations purporting to characterize the claims and damages sought in the Complaint.

7-10. BHM admits that Plaintiffs filed the Second Amended Complaint attached as Exhibit A, which speaks for itself. BHM denies the remaining allegations purporting to characterize the claims in the Second Amended Complaint. BHM denies any allegation that Barelare misrepresented or suppressed information.

11-12. BHM is without sufficient information to admit or deny the allegations of paragraphs 11-12, and therefore denies same.

13. BHM admits that no misrepresentations were made to Plaintiffs. The remaining allegations of paragraph 13 call for legal conclusions and thus no response is required. To the extent a response may be deemed required, denied.

14. It is admitted that Third-Party Plaintiffs dispute that Plaintiffs are entitled to the relief sought in the Second Amended Complaint. BHM denies the remaining allegations of paragraph 14.

15-16. Paragraphs 15-16 call for legal conclusions and thus no response is required. To the extent a response may be deemed required, denied.

## COUNT ONE-NEGLIGENCE

17. BHM incorporates each of its responses to the preceding paragraphs.

18. Paragraph 18 calls for legal conclusions and thus no response is required. To the extent a response may be deemed required, denied.

19. BHM denies the allegations of paragraph 19.

20. Paragraph 20 call for legal conclusions and thus no response is required. To the extent a response may be deemed required, denied.

21. BHM denies the allegations of paragraph 21.

BHM denies all aspects of the Prayer for Relief, and disputes damages and demands strict proof thereof.

## COUNT TWO-BREACH OF FIDUCIARY DUTY

22. BHM incorporates each of its responses to the preceding paragraphs.

23. Paragraph 23 calls for legal conclusions and thus no response is required. To the extent a response may be deemed required, denied.

24-25. BHM denies the allegations of paragraphs 24-25.

BHM denies all aspects of the Prayer for Relief, and disputes damages and demands strict proof thereof.

### COUNT THREE-VICARIOUS LIABILITY

26. BHM incorporates each of its responses to the preceding paragraphs.

27-29. BHM denies the allegations that Barelare misrepresented or suppressed information. The remaining allegations of paragraphs 27-29 call for legal conclusions and thus no response is required. To the extent a response may be deemed required, denied.

BHM denies all aspects of the Prayer for Relief, and disputes damages and demands strict proof thereof.

### COUNT FOUR-COMMON LAW INDEMNITY

30. BHM incorporates each of its responses to the preceding paragraphs.

31. BHM denies the allegations of paragraph 31, and demands strict proof thereof.

32. BHM admits the Chambers dispute that the Plaintiffs have any right to the damages sought in the suit. BHM denies the remaining allegations of paragraph 32.

33. BHM denies the allegations of paragraph 33.

BHM denies all aspects of the Prayer for Relief, and disputes damages and demands strict proof thereof.

## **AFFIRMATIVE DEFENSES**

1. BHM denies all allegations of the Third-Party Complaint which are not specifically admitted in the Answer, above, and demands strict proof thereof.

2. The Third-Party Complaint fails to state a cause of action upon which relief can be granted, as BHM never acted as an agent or broker in regard to the subject transaction.

3. BHM did not owe the Chambers the duties alleged in the Third-Party Complaint.

4. BHM did not breach any duties owed to the Chambers.

5. BHM did not proximately cause the Chambers' alleged damages.

6. The Chambers' damages, if any, are the result of superseding or intervening acts of others.

7. BHM pleads contributory negligence, assumption of the risk, and failure to mitigate.

8. BHM denies that a special or fiduciary relationship existed with the Chambers.

9. The Chambers are active, direct, and intentional tortfeasors as alleged in Plaintiffs' Complaint, or alternatively, the Chambers are in *pari delicto* with BHM.

10. BHM incorporates as if fully set forth herein all averments and affirmative defenses contained in the Chambers' Answer(s) to Plaintiffs' Complaint(s).

11. BHM pleads the merger doctrine.

12. BHM pleads the statute of frauds.

13. BHM pleads all defenses arising out of Alabama's duty to read doctrine, including, without limitation, failure to mitigate, avoidable consequences, and lack of reasonable reliance.

14. BHM pleads that there was a novation or substituted contract between Plaintiffs and Third-Party Plaintiffs that bar some or all of Plaintiffs' claims.

15. BHM did not misrepresent or suppress any material existing facts in relation to the sale transaction made the subject of the Complaint and Third-Party Complaint.

16. Plaintiffs cannot demonstrate reasonable reliance in support of the fraud claims asserted against the Third-Party Plaintiffs.

17. BHM pleads all equitable defenses which may apply, including without limitation, laches, waiver, estoppel and unclean hands.

18. BHM pleads set-off, credit or recoupment of any recovery by Plaintiffs or the Chambers from any other person or entity.

19. BHM pleads the all defenses set forth in Federal Rules of Civil Procedure 8(c), 12(b)(1) through (7), and 19, for which a good faith basis exists.

## **RESERVATION OF RIGHTS**

BHM reserves the right to assert any additional and further defenses which may constitute grounds for an avoidance of liability or affirmative defense as may be revealed during discovery or upon receipt of additional information.

Dated: September 24, 2020.

        Respectfully submitted,

        */s/ Graham R. Pulvere*
        Stephen E. Whitehead (ASB-2282-T68S)
        Graham R. Pulvere (ASB-6800-R76P)
        Carleton "Put" Ketcham, III (ASB-6591-O46K)

**OF COUNSEL:**
Lloyd, Gray, Whitehead & Monroe, P.C.
880 Montclair Road, Suite 100
Birmingham, Alabama 35213
Telephone: (205) 967-8822
Facsimile: (205) 967-2380
steve@lgwmlaw.com
gpulvere@lgwmlaw.com
pketcham@lgwmlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of September, 2020, a true and correct copy of the foregoing has been served on opposing counsel electronically or by placing same in the United States Mail, first-class postage prepaid and properly addressed to:

Jonathan H. Waller, Esq.
Tracy H. Slaughter, Esq.
WALLER LAW OFFICE, P.C.
2001 Park Place, Suite 900
Birmingham, AL 35203
jwaller@waller-law.com
tslaughter@waller-law.com
*Attorneys for Plaintiffs*

Spencer M. Taylor, Esq.
William C. Hoffman, Jr., Esq.
BARZE TAYLOR NOLES LOWTHER LLC
2204 Lakeshore Drive, Suite 330
Lakeshore Park Plaza
Birmingham, Alabama 35209
staylor@btnllaw.com
whoffman@btnllaw.com

  AND

David F. Wentzel, Esq.
WENTZEL LAW
77 W. Washington Street, Ste. 2100
Chicago, IL 60602
dwentzel@wentzellaw.com
*Admitted Pro Hac Vice*

*Attorneys for Defendants/Third-Party Plaintiffs*

           */s/ Graham R. Pulvere*
           OF COUNSEL