FILED

2020 Sep-24  PM 03:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **SHERRI ELLIS and SCOTT PETERS,** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **DR. JOHN CHAMBERS and CYNTHIA CHAMBERS,** | ) | |
| | ) | |
| | ) | **Case No. 2:19-cv-01776-CLM** |
| **Defendants,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **BHM PARTNERS, LLC d/b/a KELLER WILLIAMS HOMEWOOD and KIM MANGHAM BARELARE,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Third-Party Defendants.** | ) | |

### ANSWER TO FIRST AMENDED THIRD-PARTY COMPLAINT

Third-Party Defendant Kim Mangham-Barelare (Barelare), without waiving any procedural or substantive deficiencies in the First Amended Third-Party Complaint (the Third-Party Complaint), submits this Answer and Affirmative Defenses.

### PARTIES AND JURISDICTION

1.    Barelare is without sufficient information to admit or deny the

allegations of paragraph 1, and therefore denies same.

2-4.    Barelare admits the allegations of paragraphs 2-4.

5.    Paragraph 5 calls for legal conclusions and thus no response is required. To the extent a response may be deemed required, denied.

## FACTUAL ALLEGATIONS

6.    Barelare admits that Plaintiffs filed a Complaint, which speaks for itself, and admits that the Chambers deny liability. Barelare denies the remaining allegations purporting to characterize the claims and damages sought in the Complaint.

7-10.  Barelare admits that Plaintiffs filed the Second Amended Complaint attached as Exhibit A, which speaks for itself. Barelare denies the remaining allegations purporting to characterize the claims in the Second Amended Complaint. Barelare denies any allegation that she misrepresented or suppressed information.

11-12.      Barelare is without sufficient information to admit or deny the allegations of paragraphs 11-12, and therefore denies same.

13.    Barelare admits that no misrepresentations were made to Plaintiffs. The remaining allegations of paragraph 13 call for legal conclusions and thus no response is required. To the extent a response may be deemed required, denied.

14.    It is admitted that Third-Party Plaintiffs dispute that Plaintiffs are

entitled to the relief sought in the Second Amended Complaint. Barelare denies the remaining allegations of paragraph 14.

15-16.    Paragraphs 15-16 call for legal conclusions and thus no response is required. To the extent a response may be deemed required, denied.

## COUNT ONE-NEGLIGENCE

17.    Barelare incorporates each of her responses to the preceding paragraphs.

18.    Paragraph 18 calls for legal conclusions and thus no response is required. To the extent a response may be deemed required, denied.

19.    Barelare denies the allegations of paragraph 19.

20.    Paragraph 20 call for legal conclusions and thus no response is required. To the extent a response may be deemed required, denied.

21.    Barelare denies the allegations of paragraph 21.

Barelare denies all aspects of the Prayer for Relief, and disputes damages and demands strict proof thereof.

## COUNT TWO-BREACH OF FIDUCIARY DUTY

22.    Barelare incorporates each of her responses to the preceding paragraphs.

23.    Paragraph 23 calls for legal conclusions and thus no response is required. To the extent a response may be deemed required, denied.

24-25.      Barelare denies the allegations of paragraphs 24-25.

Barelare denies all aspects of the Prayer for Relief, and disputes damages and demands strict proof thereof.

## COUNT THREE-VICARIOUS LIABILITY

26.     Barelare incorporates each of her responses to the preceding paragraphs.

27-29.      Barelare denies the allegations that she misrepresented or suppressed information. The remaining allegations of paragraphs 27-29 call for legal conclusions and thus no response is required. To the extent a response may be deemed required, denied.

Barelare denies all aspects of the Prayer for Relief, and disputes damages and demands strict proof thereof.

## COUNT FOUR-COMMON LAW INDEMNITY

30.     Barelare incorporates each of her responses to the preceding paragraphs.

31.     Barelare denies the allegations of paragraph 31, and demands strict proof thereof.

32.     Barelare admits the Chambers dispute that the Plaintiffs have any right to the damages sought in the suit. Barelare denies the remaining allegations of paragraph 32.

33.     Barelare denies the allegations of paragraph 33.

Barelare denies all aspects of the Prayer for Relief, and disputes damages and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1.      Barelare denies all allegations of the Third-Party Complaint which are not specifically admitted in the Answer, above, and demands strict proof thereof.

2.      The Chambers failed to provide Barelare with accurate information regarding Dr. Chambers' negotiation of his terms of employment.

3.      Barelare did not owe the Chambers the duties alleged in the Third-Party Complaint.

4.      Barelare did not breach any duties owed to the Chambers.

5.      Barelare did not proximately cause the Chambers' alleged damages.

6.      The Chambers' damages, if any, are the result of superseding or intervening acts of others.

7.      Barelare pleads contributory negligence, assumption of the risk, and failure to mitigate.

8.      Barelare denies that a special or fiduciary relationship existed between Barelare and the Chambers.

9.      The Chambers are active, direct, and intentional tortfeasors as alleged in Plaintiffs' Complaint, or alternatively, the Chambers are in *pari delicto* with

Barelare.

10.     Barelare incorporates as if fully set forth herein all averments and affirmative defenses contained in the Chambers' Answer(s) to Plaintiffs' Complaint(s).

11.     Barelare pleads the merger doctrine.

12.     Barelare pleads the statute of frauds.

13.     Barelare pleads all defenses arising out of Alabama's duty to read doctrine, including, without limitation, failure to mitigate, avoidable consequences, and lack of reasonable reliance.

14.     Barelare pleads that there was a novation or substituted contract between Plaintiffs and Third-Party Plaintiffs that bar some or all of Plaintiffs' claims.

15.     Barelare did not misrepresent or suppress any material existing facts in relation to the sale transaction made the subject of the Complaint and Third-Party Complaint.

16.     Plaintiffs cannot demonstrate reasonable reliance in support of the fraud claims asserted against the Third-Party Plaintiffs.

17.     Barelare pleads all equitable defenses which may apply, including without limitation, laches, waiver, estoppel and unclean hands.

18.     Barelare pleads set-off, credit or recoupment of any recovery by

Plaintiffs or the Chambers from any other person or entity.

19.    Barelare pleads the all defenses set forth in Federal Rules of Civil Procedure 8(c), 12(b)(1) through (7), and 19, for which a good faith basis exists.

## <u>RESERVATION OF RIGHTS</u>

Barelare reserves the right to assert any additional and further defenses which may constitute grounds for an avoidance of liability or affirmative defense as may be revealed during discovery or upon receipt of additional information.

Dated: September 24, 2020.

Respectfully submitted,

*/s/ Graham R. Pulvere*
Stephen E. Whitehead (ASB-2282-T68S)
Graham R. Pulvere (ASB-6800-R76P)
Carleton "Put" Ketcham, III (ASB-6591-O46K)

**OF COUNSEL:**
Lloyd, Gray, Whitehead & Monroe, P.C.
880 Montclair Road, Suite 100
Birmingham, Alabama 35213
Telephone: (205) 967-8822
Facsimile: (205) 967-2380
steve@lgwmlaw.com
gpulvere@lgwmlaw.com
pketcham@lgwmlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 24th day of September, 2020, a true and correct copy of the foregoing has been served on opposing counsel electronically or by placing same in the United States Mail, first-class postage prepaid and properly addressed to:

Jonathan H. Waller, Esq.
Tracy H. Slaughter, Esq.
WALLER LAW OFFICE, P.C.
2001 Park Place, Suite 900
Birmingham, AL 35203
jwaller@waller-law.com
tslaughter@waller-law.com
*Attorneys for Plaintiffs*

Spencer M. Taylor, Esq.
William C. Hoffman, Jr., Esq.
BARZE TAYLOR NOLES LOWTHER LLC
2204 Lakeshore Drive, Suite 330
Lakeshore Park Plaza
Birmingham, Alabama 35209
staylor@btnllaw.com
whoffman@btnllaw.com

        *AND*

David F. Wentzel, Esq.
WENTZEL LAW
77 W. Washington Street, Ste. 2100
Chicago, IL 60602
dwentzel@wentzellaw.com
*Admitted Pro Hac Vice*

*Attorneys for Defendants/Third-Party Plaintiffs*

                    */s/ Graham R. Pulvere*
                    OF COUNSEL