FILED

2020 Nov-02  PM 05:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **SHERRI ELLIS and SCOTT PETERS,** ) | |
| ) | |
|     **Plaintiffs,** ) | |
| ) | |
| **vs.** ) | |
| ) | |
| **DR. JOHN CHAMBERS and CYNTHIA** ) | |
| **CHAMBERS,** ) | |
| ) | |
|     **Defendants,** ) | **Case No. 2:19-cv-01776-CLM** |
| ) | |
| **vs.** ) | |
| ) | |
| **PREMIER VESTAVIA, LLC d/b/a** ) | |
| **KELLER WILLIAMS VESTAVIA; BHM** ) | |
| **PARTNERS, LLC d/b/a KELLER** ) | |
| **WILLIAMS HOMEWOOD; and KIM** ) | |
| **MANGHAM BARELARE,** ) | |
| ) | |
|     **Third-Party Defendants/** ) | |
|     **Crossclaimants.** ) | |

**ANSWER TO PLAINTIFFS' CROSS-CLAIM,
AND CROSSCLAIM AGAINST THIRD-PARTY PLAINTIFFS**

Third-Party Defendants Premier Vestavia, LLC, d/b/a Keller Williams Vestavia (Premier), BHM Partners, LLC d/b/a Keller Williams Homewood (BHM), and Kim Barelare (Barelare), without waiving any procedural or substantive deficiencies in the Plaintiffs' Complaint Against Third-Party Defendants (Doc. 61), submit this Answer and Affirmative Defenses. Third-Party Defendants further assert the following crossclaims against the Third-Party Plaintiffs, John and Cynthia Chambers, pursuant to Federal Rule of Civil Procedure 13(g).

**Parties, Jurisdiction and Venue**

1.      Paragraph 1 calls for legal conclusions and thus no response is required. To the extent a response may be deemed required, denied.

2.      Third-Party Defendants deny the allegations of paragraph 2.

**The Agents for the Parties and the Sales Contract**

3-4.    It is admitted that the Chambers executed the Sales Contract, which speaks for itself. Third-Party Defendants deny the remaining allegations of paragraphs 3-4, as stated.

5.      It is admitted that Melvin Upchurch served as Sellers' agent. Third-Party Defendants are without sufficient information to admit or deny the allegations of paragraph 5, and therefore deny same.

6-7.    It is admitted that Premier and its real estate agent, Barelare, represented the Buyers in the subject real estate transaction. The remaining allegations of paragraphs 6-7 are denied.

8.      Upon information and belief, the Sellers and Buyers communicated through their respective agents. Third-Party Defendants deny the allegations purporting to characterize customs or standard industry practices. To the extent paragraph 8 calls for legal conclusions, no response is required. To the extent a response may be deemed required, denied.

9.      It is admitted that Upchurch and Barelare had several communications regarding subject real estate transaction in the spring and summer of 2019. The remaining allegations call for legal conclusions, and thus no response is required. To the extent a response may be deemed required, denied.

10-11. It is admitted that the Chambers authorized Barelare to communicate with Mr. Upchurch during the subject real estate transaction. Third-Party Defendants deny the allegations

purporting to characterize customs, practice, or usage of trade. To the extent paragraphs 10 or 11 call for legal conclusions, no response is required. To the extent a response may be deemed required, denied.

12-15. It is admitted that the Chambers signed the Sales Contract, which speaks for itself. Upon information and belief, the sellers signed the Sales Contract as reflected therein.

16. Admitted.

17-18. Third-Party Defendants admit the Sales Contract contains terms and conditions, which speak for themselves. The remaining allegations call for legal conclusions, and thus no response is required. To the extent a response may be deemed required, denied.

19. Paragraph 19 calls for legal conclusions, and thus no response is required. To the extent a response may be deemed required, denied.

### Barelare's Actual and Apparent Authority and Role as a Conduit

20. It is admitted the Chambers signed an agreement making Barelare the buyers' agent for purposes of assisting the Chambers to identify and purchase a residence in Alabama. Third-Party Defendants deny the remaining allegations of paragraph 20, as stated.

21. It is admitted the Sales Contract speaks for itself. The remaining allegations in paragraph 21 call for legal conclusions, and thus no response is required. To the extent a response may be deemed required, denied.

22-23. The allegations in paragraphs 22-23 call for legal conclusions, and thus no response is required. To the extent a response may be deemed required, denied.

24. It is admitted that the Chambers authorized Barelare to engage in certain communications with sellers' agent concerning the purchase of the Home, Dr. Chambers'

employment in Alabama, and the terms and conditions of the Sales Contract. The remaining allegations of paragraph 24 are denied, as stated.

## The Financing Contingency

25.     It is admitted the Sale Contract speaks for itself.

26-28.  It is admitted that Barelare provided the Chambers with contact information for Walter Hunter to discuss financing options for the purchase of the Home, and that Mr. Hunter sent Barelare an April 15, 2019 letter, which speaks for itself.

29.     The allegations in paragraph 29 call for legal conclusions, and thus no response is required. To the extent a response may be deemed required, denied.

30.     Upon information and belief, it is admitted that Mr. Hunter sent Mr. Upchurch the referenced communication, which speaks for itself.

31.     Third-Party Defendants are without sufficient information to admit or deny the allegations of paragraph 31, and therefore deny same.

32.     It is admitted Barelare provided Mr. Upchurch with Mr. Hunter's April 15, 2019 letter. The remaining allegations of paragraph 32 are denied.

33.     The allegations in paragraph 33 call for legal conclusions, and thus no response is required. To the extent a response may be deemed required, denied.

34-38.  Third-Party Defendants are without sufficient information to admit or deny the allegations of paragraphs 34-38, and therefore deny same.

## Usage of Trade Regarding Financing Contingencies
## in Alabama Residential Real Estate Contracts

39-40.  Upon information and belief, it is admitted the Sales Contract is a form approved by the Birmingham Association of Realtors, Inc. for use since May 2017. Third-Party Defendants deny the allegations purporting to characterize customs, practice, or usage of trade.

To the extent paragraphs 39 or 40 call for legal conclusions, no response is required. To the extent a response may be deemed required, denied.

41.    Third-Party Defendants are without sufficient information to admit or deny the allegations of paragraph 41, and therefore deny same.

42.    It is admitted Barelare provided Mr. Upchurch with Mr. Hunter's April 15, 2019 letter. The remaining allegations of paragraph 42 are denied.

### Usage of Trade Regarding Contingencies Other Than Financing Contingencies

43.    It is admitted the Sales Contract speaks for itself. The remaining allegations of paragraph 43 call for legal conclusions and thus no response is required. To the extent a response may be deemed required, denied.

44.    Third-Party Defendants deny the allegations purporting to characterize customs, practice, or usage of trade. To the extent paragraph 44 calls for legal conclusions, no response is required. To the extent a response may be deemed required, denied.

45-47. It is admitted the Sale Contract form speaks for itself. Third-Party Defendants deny the allegations purporting to characterize customs, practice, or usage of trade. To the extent paragraphs 45-47 call for legal conclusions, no response is required. To the extent a response may be deemed required, denied.

48-49. Third-Party Defendants deny the allegations purporting to characterize customs, practice, or usage of trade. To the extent paragraphs 48-49 call for legal conclusions, no response is required. To the extent a response may be deemed required, denied.

### Defendant's Fraud

50-52. It is admitted Barelare told Mr. Upchurch that the Chambers were considering moving to Alabama where Dr. Chambers might practice medicine; that Barelare would send Mr.

Upchurch a letter concerning the Chambers' preapproval for financing; and that Mr. Upchurch approved Barelare to show the Home to the Chambers. Defendants are without sufficient information to admit or deny the remaining allegations of paragraphs 50-52, and therefore deny same.

53.     It is admitted Barelare told Mr. Upchurch that Dr. Chambers was negotiating an employment agreement with Alabama Bone and Joint Center. Third-Party Defendants deny the remaining allegations of paragraph 53, as stated.

54-56. Third-Party Defendants are without sufficient information to admit or deny the remaining allegations of paragraphs 54-56, and therefore deny same.

57.     It is admitted that prior to the May 5, 2019 offer, Barelare told Mr. Upchurch that the Chambers would be submitting an offer on May 5, 2019. Barelare does not recall specifically whether she mentioned anything to Mr. Upchurch on that occasion concerning Dr. Chambers' negotiations for employment in Alabama. Third-Party Defendants deny the remaining allegations of paragraph 57, as stated.

58-62. Third-Party Defendants are without sufficient information to admit or deny the remaining allegations of paragraphs 58-62, and therefore deny same.

63-65. It is admitted the text message speaks for itself.  Third-Party Defendants deny the allegations purporting to characterize the text message. Premier denies any allegation that Barelare misrepresented or suppressed information.

66.     Third-Party Defendants are without sufficient information to admit or deny the allegations of paragraph 66, and therefore deny same.

67.     It is admitted the Chambers agreed to pay $1.9 million, and agreed to the other terms and conditions of the Sales Contract.   It is admitted the Chambers signed the Sales Contract. Third-Party Defendants deny the remaining allegations of paragraph 67, as stated.

68-69.  It is admitted that Barelare was authorized to communicate to Mr. Upchurch that there were no additional contingencies other than would be contained in the Chambers' offer. Third-Party Defendants are without sufficient information to admit or deny the remaining allegations of paragraphs 68-69, and therefore deny same.

70-71.  Third-Party Defendants deny that they knowingly and intentionally made any false representations to sellers or their agent. Third-Party Defendants are without sufficient information to admit or deny the remaining allegations of paragraphs 70-71, and therefore deny same.

71-75.  Paragraphs 71-75 call for certain legal conclusions, to which no response is required. To the extent a response may be deemed required, denied. Third-Party Defendants are without sufficient information to admit or deny the remaining allegations of paragraphs 71-75, and therefore deny same.

76.     Third-Party Defendants deny the Plaintiffs have incurred the alleged damages, and demand strict proof thereof.

77.     Third-Party Defendants deny that they fraudulently induced Plaintiffs to sign the Sales Contract. Third-Party Defendants are without sufficient information to admit or deny the remaining allegations of paragraph 77, and therefore deny same.

78-79.  Paragraphs 78-79 call for certain legal conclusions, to which no response is required. To the extent a response may be deemed required, denied. Third-Party Defendants are

without sufficient information to admit or deny the remaining allegations of paragraphs 78-79, and therefore deny same.

80.     Third-Party Defendants deny that they knowingly and intentionally made any false representations to sellers or their agent.

## Defendant's Suppression and Concealment

81-83. Paragraphs 81-83 call for certain legal conclusions, to which no response is required. To the extent a response may be deemed required, denied.

84.     Third-Party Defendants deny that they knowingly and intentionally made any false representations to sellers or their agent. Third-Party Defendants are without sufficient information to admit or deny the remaining allegations of paragraph 84, and therefore deny same.

85.     Paragraph 85 calls for certain legal conclusions, to which no response is required. To the extent a response may be deemed required, denied.

86.     Third-Party Defendants are without sufficient information to admit or deny the allegations of paragraph 86, and therefore deny same.

87-89. Third-Party Defendants deny that they knowingly or intentionally suppressed or concealed any material facts from Plaintiffs. Third-Party Defendants are without sufficient information to admit or deny the remaining allegations of paragraphs 87-89, and therefore deny same.

## COUNT ONE

90.     Paragraph 90 calls for legal conclusions and thus no response is required. To the extent a response may be deemed required, denied.

## COUNT TWO

91.     Paragraph 18 calls for legal conclusions and thus no response is required. To the extent a response may be deemed required, denied.

Third-Party Defendants deny all aspects of the Prayer for Relief, and disputes damages and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1.     Third-Party Defendants deny all allegations of the Complaint which are not specifically admitted in the Answer, above, and demands strict proof thereof.

2.     Third-Party Defendants did not owe the Plaintiffs the duties alleged in the Complaint.

3.     Third-Party Defendants did not breach any duties owed to the Plaintiffs.

4.     Third-Party Defendants did not proximately cause the Plaintiffs' alleged damages.

5.     The Plaintiffs' damages, if any, are the result of superseding or intervening acts of others.

6.     Third-Party Defendants plead contributory negligence, assumption of the risk, and failure to mitigate.

7.     Third-Party Defendants deny that a special or fiduciary relationship existed with the Chambers.

8.     The Plaintiffs are active, direct, and intentional tortfeasors, or alternatively, are in *pari delicto* with Third-Party Defendants.

9.     Third-Party Defendants incorporates as if fully set forth herein all averments and affirmative defenses contained in the Chambers' Answer(s) to Plaintiffs' Complaint(s) and the Defendants' Answers to the Chambers' Third-Party Complaint.

10.     Third-Party Defendants plead the merger doctrine.

11.     Third-Party Defendants plead the statute of frauds.

12.     Third-Party Defendants plead all defenses arising out of Alabama's duty to read doctrine, including, without limitation, failure to mitigate, avoidable consequences, and lack of reasonable reliance.

13.     Third-Party Defendants plead that there was a novation or substituted contract between Plaintiffs and Third-Party Plaintiffs that bar some or all of Plaintiffs' claims.

14.     Third-Party Defendants did not misrepresent or suppress any material existing facts in relation to the sale transaction made the subject of the Complaint and Third-Party Complaint.

15.     Plaintiffs cannot demonstrate reasonable reliance in support of their fraud claims asserted against the Third-Party Plaintiffs or Third-Party Defendants.

16.     Third-Party Defendants plead all equitable defenses which may apply, including without limitation, laches, waiver, estoppel and unclean hands.

17.     Third-Party Defendants plead set-off, credit or recoupment of any recovery by Plaintiffs or the Chambers from any other person or entity.

18.     Third-Party Defendants plead all defenses set forth in Federal Rules of Civil Procedure 8(c), 12(b)(1) through (7), and 19, for which a good faith basis exists.

## **RESERVATION OF RIGHTS**

Third-Party Defendants reserve the right to assert any additional and further defenses which may constitute grounds for an avoidance of liability or affirmative defense as may be revealed during discovery or upon receipt of additional information.

## CROSSCLAIMS AGAINST THE CHAMBERS

Third-Party Defendants/Crossclaimants, Premier Vestavia, LLC, d/b/a Keller Williams Vestavia (Premier), BHM Partners, LLC d/b/a Keller Williams Homewood (BHM), and Kim Barelare (Barelare), assert the following crossclaims against the Third-Party Plaintiffs, John and Cindy Chambers, pursuant to Federal Rule of Civil Procedure 13(g).

### Facts

1.      Plaintiffs and the Chambers entered into a residential real estate sales contract on or about May 5, 2019, wherein the Chambers would purchase the Plaintiff's home in Vestavia Hills, Alabama for $1.9 million (the Sales Contract.)

2.      Premier operates a real estate brokerage. It is listed as the "selling company" representing the Chambers in the Sales Contract.

3.      Barelare is a licensed real estate agent, who at all times relevant to the allegations herein, was working for Premier. Barelare represented the Chambers as the "buyers' agent" in relation to the Sales Contract.

4.      BHM is also a real estate brokerage. BHM has no connection to the Sales Contract, or to the allegations in Plaintiffs' Complaint against the Chambers, as amended. BHM is not a proper party to this suit and should be dismissed.

5.      During a May 5, 2019 meeting, Dr. Chambers told Barelare that he had secured an employment contract with Alabama Bone & Joint Clinic (ABJC), such that the Chambers were able to submit an offer to the Plaintiffs for purchase of the home. Barelare asked Dr. Chambers whether he wanted to include any contingency in the Sales Contract relative to securing employment in Alabama. Dr. Chambers said, "no."

6.     Barelare reasonably relied upon Dr. Chambers' representations in assisting the Chambers to prepare and submit a signed offer to the Plaintiffs on May 5, 2019.

7.     Plaintiffs ultimately agreed to sell their home to the Chambers for $1.9 million, pursuant to the Sales Contract, with the closing to occur on June 28, 2019.

8.     On June 27, 2019, Dr. Chambers disclosed to Barelare that his contract with the hospital had not been resolved, and asked for an extension of the closing date. With Dr. Chambers' permission, Barelare immediately disclosed that information to Plaintiffs' agent, Melvin Upchurch.  The Plaintiffs and the Chambers executed an addendum to the Sales Contract on June 28, 2019, extending the closing date to July 10, 2019.

9.     Dr. Chambers still had not resolved his contract with the hospital by July 10, 2019, so the closing date was indefinitely extended by verbal agreement. The Plaintiffs obtained an alternate offer from different buyers, and later terminated the Sales Contract with the Chambers on or about July 26, 2019.

10.     Plaintiffs sued the Chambers on October 31, 2019. The Complaint, as amended, alleges in pertinent part that the Chambers, acting through their real estate agent, Kim Barelare, misrepresented and suppressed material facts in their communications with Plaintiffs, relative to the execution of a May 5, 2019 residential real estate sales contract (the Sales Contract). (Doc. 38.)

11.     The Chambers filed their First Amended Third-Party Complaint against the Third-Party Defendants for negligence, breach of fiduciary duty, vicarious liability, and common law indemnity, alleging that Third-Party Defendants should be responsible for any liability the Chambers incur to Plaintiffs. (Doc. 53.)

12.     The Plaintiffs have now filed a so-called Complaint against the Third-Party Defendants, alleging that Third-Party Defendants knowingly and intentionally misrepresented and/or suppressed certain contingencies relative to the Sales Contract. (Doc. 61.)

13.     More specifically, Plaintiffs allege that Third-Party Defendants suppressed or concealed from Plaintiffs that the Sales Contract was contingent on Dr. John Chambers' satisfactory negotiation of a second employment contract with Shelby Baptist Medical Center (the Second Employment Contract). (Doc. 61, ¶56.)  Further, Plaintiffs allege that Third-Party Defendants misrepresented that the only continency in the Sales Contract was a satisfactory home inspection. (Doc. 61, ¶¶69-70.)

## COUNT I
## (NEGLIGENCE/WANTONNESS)

14.     Third-Party Defendants incorporate, as if fully set forth herein, each and every allegation contained in the preceding paragraphs.

15.     The Chambers owed a duty to Premier and Barelare to truthfully and accurately disclose all relevant information concerning contingencies to be included in the Sales Contract.

16.     The Plaintiffs allege that the Chambers, acting by and through Barelare, misrepresented and suppressed that the Sales Contract was contingent on Dr. John Chambers' satisfactory negotiation of a second employment contract with Shelby Baptist Medical Center (the Second Employment Contract). (Doc. 61, ¶56.)

17.     Plaintiffs have now sued Third-Party Defendants, alleging that they knowingly and intentionally misrepresented or suppressed said information during their communications with Plaintiffs. (Doc. 61.)

18.     Third-Party Defendants deny that they are liable to Plaintiffs. However, as a proximate result of the Chambers' alleged conduct, Third-Party Defendants are incurring defense

costs and attorney fees in the defense of Plaintiffs' claims. Further, if Plaintiffs' recover a judgment against Third-Party Defendants, then it would be due to the Chambers negligently and/or wantonly breaching their duty to Premier and Barelare to truthfully and accurately disclose all relevant information concerning contingencies to be included in the Sales Contract.

WHEREFORE, Third-Party Defendants demand judgment against the Chambers for all liability they may incur to Plaintiffs, plus attorney fees and defense costs Third-Party Defendants have incurred defending this suit.

## COUNT II
### (COMMON LAW INDMENITY)

19.    Third-Party Defendants incorporate, as if fully set forth herein, each and every allegation contained in the preceding paragraphs.

20.    Plaintiffs seek to hold Third-Party Defendants liable technically or constructively, without fault, for the acts of the Chambers; or seek to hold Third-Party Defendants liable for mere passive or indirect tortious conduct while the Chambers engaged in active, direct, and/or intentional tortious conduct proximately causing Plaintiffs' alleged damage; or seek to hold Third-Party Defendants liable on a vicarious or derivative basis for the alleged wrongful conduct of the Chambers.

21.    If Plaintiffs were to obtain a judgment against Third-Party Defendants under the circumstances at hand, Third-Party Defendants would be entitled to indemnity from the Chambers.

WHEREFORE, Third-Party Defendants demand judgment against the Chambers for indemnity, requiring them to pay all fees and costs incurred defending Plaintiffs' claims in this suit, and any judgment obtained by Plaintiffs against Third-Party Defendants, and such other relief as justice may require.

## COUNT III
### (FRAUD, SUPPRESSION, DECEIT)

22.     Third-Party Defendants incorporate, as if fully set forth herein, each and every allegation contained in the preceding paragraphs.

23.     The Chambers owed a duty to Premier and Barelare to truthfully and accurately disclose all relevant information concerning contingencies to be included in the Sales Contract.

24.     During a May 5, 2019 meeting, Dr. Chambers told Barelare that he had secured an employment contract with Alabama Bone & Joint Clinic (ABJC), such that the Chambers were able to submit an offer to the Plaintiffs for purchase of the home. Barelare asked Dr. Chambers whether he wanted to include any contingency in the Sales Contract relative to securing employment in Alabama. Dr. Chambers said, "no."  Barelare reasonably relied upon Dr. Chambers' representations in assisting the Chambers to prepare and submit an offer to the Plaintiffs.

25.     The Plaintiffs allege that the Chambers, acting by and through Barelare, misrepresented and suppressed that the Sales Contract was contingent on Dr. John Chambers satisfactory negotiation of a second employment contract with Shelby Baptist Medical Center (the Second Employment Contract). (Doc. 61, ¶56.)

26.     Plaintiffs have now sued Third-Party Defendants, alleging that they knowingly and intentionally misrepresented or suppressed said information during their communications with Plaintiffs. (Doc. 61.)

27.     Barelare reasonably relied upon the Chambers to truthfully provide her with all relevant information concerning contingencies to be included in the Sales Contract.

28.     Third-Party Defendants deny that they are liable to Plaintiffs. However, if Plaintiffs' allegations are true concerning the Chambers' alleged misrepresentation and

suppression of material facts, then the Chambers are liable to Third-Party Defendants for fraud, deceit, and/or suppression, pursuant to §6-5-101, et seq., *Code of Alabama* (1975), by willfully, recklessly without knowledge, or innocently or mistakenly misrepresenting and/or suppressing material facts concerning contingencies to be included in the Sales Contract.

29.    As a proximate result of reasonably relying upon the material facts the Chambers' provided, or failed to provide, to Barelare, the Third-Party Defendants have incurred, and will continue to incur in the future, defense costs and attorney fees in the defense of Plaintiffs' claims.

WHEREFORE, Third-Party Defendants demand judgment against the Chambers for all liability they may incur to Plaintiffs, including all reasonable and necessary compensatory and punitive damages, plus attorney fees and defense costs Third-Party Defendants have incurred defending this suit.

Dated: November 2, 2020.

Respectfully submitted,

*/s/ Graham R. Pulvere*
Stephen E. Whitehead (ASB-2282-T68S)
Graham R. Pulvere (ASB-6800-R76P)
Carleton "Put" Ketcham, III (ASB-6591-O46K)

**OF COUNSEL:**
Lloyd, Gray, Whitehead & Monroe, P.C.
880 Montclair Road, Suite 100
Birmingham, Alabama 35213
Telephone: (205) 967-8822
Facsimile: (205) 967-2380
steve@lgwmlaw.com
gpulvere@lgwmlaw.com
pketcham@lgwmlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of November, 2020, a true and correct copy of the foregoing has been served on opposing counsel electronically or by placing same in the United States Mail, first-class postage prepaid and properly addressed to:

Jonathan H. Waller, Esq.
Tracy H. Slaughter, Esq.
WALLER LAW OFFICE, P.C.
2001 Park Place, Suite 900
Birmingham, AL 35203
jwaller@waller-law.com
tslaughter@waller-law.com
*Attorneys for Plaintiffs*

Spencer M. Taylor, Esq.
William C. Hoffman, Jr., Esq.
BARZE TAYLOR NOLES LOWTHER LLC
2204 Lakeshore Drive, Suite 330
Lakeshore Park Plaza
Birmingham, Alabama 35209
staylor@btnllaw.com
whoffman@btnllaw.com

　　　*AND*

David F. Wentzel, Esq.
WENTZEL LAW
77 W. Washington Street, Ste. 2100
Chicago, IL 60602
dwentzel@wentzellaw.com
*Admitted Pro Hac Vice*

*Attorneys for Defendants/Third-Party Plaintiffs*


　　　　　　　　　　　　　　　/s/ Graham R. Pulvere
　　　　　　　　　　　　　　　OF COUNSEL