FILED

2023 Feb-13  PM 12:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

**SHERRI ELLIS, *et al.*,**
    Plaintiffs,

**v.**

**JOHN CHAMBERS, *et al.*,**
    Defendants.

**Case No. 2:19-cv-1776-CLM**

## <u>MEMORANDUM OPINION</u>

Before the court is Defendants' Motion to Correct Judgment Pursuant to Federal Rule of Civil Procedure 60(a). (Doc. 124).

This lawsuit began in 2019. In 2021, this court granted summary judgment in favor of the Defendants on all counts. (*See* Docs. 109, 110). Now, the Defendants ask the court to add a sentence to its opinion, declaring that the Defendants "are entitled to return of the earnest money held in escrow." The Defendants make this request pursuant to Federal Rule of Civil Procedure 60(a). But because Rule 60(a) may only be used to "correct clerical errors," and the Defendants' proposed addition would impact "substantial rights of the parties," the court **DENIES** the motion (doc. 124). *See Weeks v. Jones*, 100 F.3d 124, 128 (11th Cir. 1996).

### STATEMENT OF FACTS

Dr. John Chambers and Cynthia Chambers (the Chambers) signed a contract to buy a house owned by Sherri Ellis and Scott Peters (the Peters)[1]. For reasons explained in the court's previous memorandum opinion (doc. 109), the sale fell through. The Peters then sued the Chambers for (1) breach of the sales contract; (2) fraud; and (3) suppression and concealment. (*See* Doc. 38).

---

[1] Scott Peters and Sherri Ellis were married when the underlying events occurred, so the court calls the Plaintiffs "the Peters" to aid the reader.

In 2021, this court granted the Chambers' motion for summary judgment on all counts (Docs. 109, 110). The Eleventh Circuit has since affirmed this court's rulings in all respects.[2] (*See* Doc. 126).

Now, the Chambers ask the court to add the following sentence to its judgment: "The Chambers are entitled to return of the earnest money held in escrow." The Chambers make this request pursuant to Federal Rule of Civil Procedure 60(a).

## DISCUSSION

Federal Rule of Civil Procedure 60(a) provides that a court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."

"[T]he district court may correct clerical errors to reflect what was intended at the time of ruling." *Weeks v. Jones*, 100 F.3d 124, 128 (11th Cir. 1996). But "[e]rrors that affect substantial rights of the parties . . . are beyond the scope of [R]ule 60(a)." *Id.* at 128–29 (quoting *Mullins v. Nickel Plate Mining Co.*, 691 F.2d 971, 973 (11th Cir. 1982)); *see also Gilbert v. Daniels*, 725 Fed. App'x 789, 793 (11th Cir. 2018). In other words, a Rule 60(a) motion "only can be used to make the judgment . . . speak the truth and cannot be used to make it say something other than what originally was pronounced." *Stansell v. López*, 40 F.4th 1308, 1311 (11th Cir. 2022) (quoting 11 Mary Kay Kane, Fed. Prac. & Proc. § 2854 (3d ed. & Apr. 2022 update)). The district court may not "clarify a judgment pursuant to Rule 60(a) to reflect a new and subsequent intent." *Estate of West v. Smith*, 9 F.4th 1361, 1368 (11th Cir. 2021) (quoting *Weeks*, 100 F.3d at 129).

So the issue before the court is whether, when ruling on the Chambers' motion for summary judgment, the court decided that "[t]he Chambers are entitled to return of the earnest money held in escrow." The Chambers say the court did indeed reach that conclusion. (*See* Doc. 124, p. 6). The Peters disagree, and assert that the Chambers' requested addition amounts to adjudication of a substantive legal issue that was

---

[2] The Eleventh Circuit issued its mandate on January 17, 2023.

never before the court. (*See* Doc. 127, p. 2). The court agrees with the Peters.

The Peters alleged three counts against the Chambers: (1) breach of the sales contract; (2) fraud; and (3) suppression and concealment. (*See* Doc. 38). With respect to the breach of contract claim, the Peters alleged that "[a]ll conditions precedent to Defendants' obligation to close the sale of the Home were fully satisfied," and "Defendants refused to close the sale of the house . . ." (*Id.* at pp. 8–9). The Peters also alleged that they incurred damages as follows: (a) $18,500 in escrow funds; (b) $100,000 in the reduced selling price; and (c) $36,000 on the reduced sales price of the furniture. (*Id.* at p. 9).

The Chambers moved for summary judgment on all counts (doc. 80), and the court granted the motion (docs 109, 110). The Chambers assert that when the court granted summary judgment in their favor on Count 1, the court necessarily decided that the Chambers are entitled to the return of the earnest money held in escrow. But that is simply not what the court decided.

With respect to Count 1, the court explained that to prevail on a breach of contract claim, the Peters would need to prove that (1) they had a valid binding contract with the Chambers; (2) that they performed under the contract; (3) that the Chambers did not perform; and (4) that they suffered damages. (Doc. 109, p. 10). The main element in dispute was whether the Chambers performed under the contract. (*Id.*) And as the court explained, whether the Chambers performed hinged on whether (1) they met the financing contingency; and (2) they made a reasonable, good-faith effort to satisfy the employment condition. (*Id.*).

The court found that "the financing contingency was an unambiguous condition precedent to the sales contract and that the condition precedent was not met." (Doc. 109, p. 12). The court also found that "[t]he Chambers made a reasonable, good-faith effort to obtain financing in accordance with the sales contract but failed to do so due to an employment-related dispute." (Doc. 109, p. 15). So the court concluded that the Chambers were entitled to summary judgment on Count 1

because (1) the Peters failed to show that the financing contingency was met, and (2) they provided no evidence that the Chambers acted in bad faith. (*Id.*). These are the entirety of the court's findings on Count 1.

In sum, the court concluded that the Chambers performed under the contract, and thus could not be liable to the Peters for breaching the contract's terms. That finding necessarily meant that a jury could not reach the issue of damages because there was no breach. It did not mean that the court decided that the escrowed money—one of the damage items claimed by Peters—was necessarily owed to the Chambers. Indeed, had the court found in favor of the Peters on Count 1, and determined that the breach of contract claim could proceed, the damages issue would have needed to be proved at trial. All the court decided was that a claim for breach of contract could not proceed because at least one element could not be proved.

And as the Peters correctly point out, the Chambers could have, but did not, assert a substantive claim for the escrow funds. The issue was not addressed or argued in any of the parties' briefs. And it was not implicitly resolved by the court's memorandum opinion.

The court found that the Chambers could not be liable for breach of contract. The court did *not* find that the Chambers were no longer bound by any of its terms—especially those that apply in the event "the Contract is accepted and signed by all parties and the sale does not close . . ." (*See* Doc. 38-1, p. 4).

Paragraph 5 of the contract provides:

> ***If the Contract is accepted and signed by all parties and the sale does not close***, a separate mutual release signed by all parties to this contract will be required before the Earnest Money will be disbursed. In the event either Buyer or Seller claims the escrowed funds without the agreement of the other party, any holder of the escrowed funds, as prescribed by Alabama Real Estate License Law Rule: 790-X-3-

.03(4), (5) must either (1) retain the escrowed funds until there is a written mutual release among the parties; (2) ***interplead the disputed portion of the funds into the appropriate court***, and shall be entitled to deduct from the escrowed funds any and all court costs, attorney fees and other expenses relating to the interpleader; or (3) disburse the escrowed funds in accordance with the directions of a non-appealable order of a court of competent jurisdiction.

(Doc. 38-1, p. 4) (emphasis added). The contract specifies what the parties should do to resolve any dispute related to the escrowed funds. And a "general rule of contract law is that if a written contract exists, the parties' rights are controlled by that contract." *Mobil Oil Corp. v. Schlumberger*, 598 So.2d 1341, 1345–46 (Ala. 1992).

## CONCLUSION

The issue of the proper disbursement of the escrowed funds was not before the court at summary judgment. The court concludes that directing disbursement of the escrowed funds would affect substantial rights of the parties, and therefore, is "beyond the scope of [R]ule 60(a)." *Mullins v. Nickel Plate Mining Co.*, 691 F.2d 971, 973 (11th Cir. 1982).

Accordingly, the court **DENIES** Defendants' Motion to Correct Judgment Pursuant to Federal Rule of Civil Procedure 60(a). (Doc. 124). The court will enter a separate order that carries out this opinion.

**DONE** and **ORDERED** on February 13, 2023.

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE